UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENISE EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 21 C 4805 |
| OSARENTIN ORONSAYE, M.D., ACCESS | ) | |
| COMMUNITY HEALTH NETWORK, d/b/a | ) | Judge |
| SINAI MEDICAL GROUP, THE MOUNT | ) | |
| SINAI COMMUNITY FOUNDATION, | ) | Formerly Case No. 2021 L 006977 |
| d/b/a SINAI MEDICAL GROUP, MOUNT | ) | Circuit Court of Cook County, Illinois |
| SINAI HOSPITAL MEDICAL CENTER OF | ) | |
| CHICAGO, d/b/a MOUNT SINAI | ) | |
| HOSPITAL, and SINAI HEALTH SYSTEM | ) | |
| d/b/a MOUNT SINAI HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL OF A CIVIL ACTION AND
SUBSTITUTION OF THE UNITED STATES AS DEFENDANT**

To:     Iris Martinez                                    Matthew Heimlich
        Clerk of the Circuit Court                       Law Offices of Steven J. Malman
        Richard J. Daley Center, Room 1001               Associates, P.C.
        50 West Washington Street                        205 W. Randolph Street
        Chicago, Illinois 60602                          Suite 1700
                                                         Chicago, Illinois 60606

        The United States, by its attorney, John R. Lausch, Jr., United States Attorney for the

Northern District of Illinois, submits this notice of removal of the above-captioned civil action

from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern

District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof states the following:

        1.      On July 9, 2021, plaintiff Denise Evans commenced the above civil action against

Osarentin Oronsaye, M.D., the Access Community Health Network, and others, alleging medical

malpractice.  A copy of the state court complaint is attached as Exhibit A.  For purposes of this

lawsuit, Access Community Health Network is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 254b and was deemed to be an employee of the Public Health Service pursuant to 42 U.S.C. § 233. Exhibit B. In addition, Osarentin Oronsaye, M.D., was acting within the scope of his employment at the Access Community Health Network with respect to the incidents referred to in the complaint. *Id.*

2.      This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that defendant Access Community Health Network was a private entity receiving grant money from the Public Health Service and that defendant Osarentin Oronsaye, M.D., was acting within the scope of his employment at the Access Community Health Network with respect to the incidents referred to in the complaint. Exhibit B.

3.      This notice of removal may be filed without bond at any time before trial. 42 U.S.C. § 233(c). Trial has not yet been had in this action.

4.      Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 42 U.S.C. § 233(c), this civil action is deemed an action against the United States, and the United States is substituted as the sole federal party defendant in place of defendants Access Community Health Network and Osarentin Oronsaye, M.D.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of Access Community Health Network and Osarentin Oronsaye, M.D.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Danielle Anne Phillip
    DANIELLE ANNE PHILLIP
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-2039
    danielle.phillip@usdoj.gov

# Exhibit A

FILED DATE: 7/9/2021 12:56 PM    2021L006977

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served by Mail | 2321 - Served by Mail |
| 2420 - Served by Publication | 2421 - Served by Publication |
| SUMMONS | ALIAS SUMMONS |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

**DENISE EVANS,**

**Plaintiff,**

*versus*

**OSARENTIN ORONSAYE, M.D., ACCESS COMMUNITY HEALTH NETWORK, d/b/a SINAI MEDICAL GROUP, THE MOUNT SINAI COMMUNITY FOUNDATION, d/b/a SINAI MEDICAL GROUP, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, d/b/a MOUNT SINAI HOSPITAL, and SINAI HEALTH SYSTEM d/b/a MOUNT SINAI HOSPITAL,**

**Defendant.**

**Court #** 2021L006977

**Please Serve:**

**See attached Service List**

### SUMMONS

TO EACH DEFENDANT:

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room* 801 Chicago, Illinois 60602), within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED FOR IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS,.....................................

7/9/2021 12:56 PM IRIS Y. MARTINEZ

.....................................



Clerk of the Court

FILED DATE: 7/9/2021 12:56 PM   2021L006977

Law Offices of Steven J. Malman
& Associates, P.C.
Attorney for Plaintiff(s)
205 West Randolph St., Ste. 1700
Chicago, IL 60606
(312) 629-0099
mheimlich@malmanlaw.com@malmanlaw.com
#31555          Iris Martinez, Clerk of the Circuit Court of Cook County, Illinois

Date of Service_____
(To be inserted by officer on copy left with
 defendant or other person)

## SERVICE LIST

**Denise Evans v. Osarentine Oronsaye, M.D., et al.**

Osarentin Oronsaye, M.D.
2516 Dewes Lane
Naperville, IL  60564


Access Community Health Network
Through its registered agent:
P. Matthew Glavin
600 West Fulton Street
Suite 200
Chicago, IL  60661


The Mount Sinai Community Foundation
Through its registered agent:
Karen Teitelbaum
2750 West 15th Street
Chicago, IL  60608


Mount Sinai Hospital Medical  Center of Chicago
Through its registered agent:
Karen Teitelbaum
2750 West 15th Street
Chicago, IL  60608


Sinai Health System
Through its registered agent:
Karen Teitelbaum
2750 West 15th Street
Chicago, IL  60608

FILED DATE: 7/9/2021 12:56 PM    2021L006977

**12-Person Jury**

FILED
7/9/2021 12:56 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
13978896

STATE OF ILLINOIS    )
                      ) SS.

COUNTY OF COOK    )

Firm ID: 31535

FILED DATE: 7/9/2021 12:56 PM   2021L006977

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

DENISE EVANS,

         Plaintiff,

         *versus*

OSARENTIN ORONSAYE, M.D., ACCESS COMMUNITY HEALTH NETWORK, d/b/a SINAI MEDICAL GROUP, THE MOUNT SINAI COMMUNITY FOUNDATION, d/b/a SINAI MEDICAL GROUP, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, d/b/a MOUNT SINAI HOSPITAL, and SINAI HEALTH SYSTEM d/b/a MOUNT SINAI HOSPITAL,

         Defendant.

Court # 2021L006977

*JURY DEMANDED*

## COMPLAINT AT LAW

NOW COMES the Plaintiff, **DENISE EVANS**, by and through her attorneys, LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for her Complaint at Law against the Defendants **OSARENTIN ORONSAYE, M.D., ACCESS COMMUNITY HEALTH NETWORK, d/b/a SINAI MEDICAL GROUP, THE MOUNT SINAI COMMUNITY FOUNDATION, d/b/a SINAI MEDICAL GROUP, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, d/b/a MOUNT SINAI HOSPITAL, and SINAI HEALTH SYSTEM d/b/a MOUNT SINAI HOSPITAL**, states as follows:

FILED DATE: 7/9/2021 12:56 PM   2021L006977

## COUNT I
### MEDICAL NEGLIGENCE
### (EVANS V. ORONSAYE)

1.      On and before July 24, 2019, and at all times relevant to this cause of action, the Defendant **OSARENTIN ORONSAYE, M.D**. was and is a physician licensed to practice medicine in the State of Illinois, specializing in obstetrics and gynecology.

2.      At all times relevant to this cause of action, **OSARENTIN ORONSAYE, M.D**. provided medical services to the public, including **DENISE EVANS** (hereinafter "**DENISE**").

3.      At all times relevant to this cause of action, Defendant **OSARENTIN ORONSAYE, M.D**. held himself out and otherwise informed the public and the Plaintiff that he possessed the requisite skill, competence, knowledge and personnel to properly care for and treat patients like **DENISE**.

4.      At all times relevant to this cause of action, the Plaintiff, **DENISE**, entrusted herself entirely to the care of **OSARENTIN ORONSAYE, M.D**.

5.      Intermittently between July 24, 2019 and August 2, 2019, **DENISE** was cared for and treated by Defendant **OSARENTIN ORONSAYE, M.D.**

6.      At all times relevant to this cause of action, it was the duty of Defendant **OSARENTIN ORONSAYE, M.D.**, to possess and apply the knowledge and use the skill and care ordinarily used by physicians practicing in the field of obstetrics and gynecology with respect to the diagnosis, care and treatment of **DENISE**.

7.      Notwithstanding the foregoing duty, Defendant, **OSARENTIN ORONSAYE, M.D**., did commit one or more or all of the foregoing acts and/or omissions:

       (a)    Failed to inform **DENISE**'s of the results of her endometrial biopsy and polyp removal;

FILED DATE: 7/9/2021 12:56 PM   2021L006977

    (b)    Failed to discuss reasonable treatment alternatives with **DENISE,** including postponing the hysterectomy, given her normal pathology results;

    (c)    Failed to identify **DENISE**'s ureter during her August 2, 2019 hysterectomy; and

    (d)    Failed to protect **DENISE**'s ureter during her August 2, 2019 hysterectomy;

8.    As a direct and proximate result of the professional negligence of Defendant **OSARENTIN ORONSAYE, M.D., DENISE** suffered injuries, including but not limited to a right ureteral injury, causing her to experience pain and suffering, loss of a normal life, disability, and to become responsible for the payment of large sums of money for her medical care and treatment, all to her damage.

9.    Pursuant to the provisions of Section 2-622 of the Illinois Code of Civil Procedure, the Affidavit of Matthew Heimlich is attached to this Complaint.

10.    Pursuant to the provisions of Section 2-622 of the Illinois Code of Civil Procedure, the report of a reviewing health professional is attached to this Complaint.

WHEREFORE the Plaintiff, **DENISE EVANS**, deceased, prays for judgment against the Defendant, **OSARENTIN ORONSAYE, M.D.**, in a sum in excess of fifty thousand dollars ($50,000.00) that will fairly and adequately compensate the Plaintiff, together with costs of this suit.

## COUNT II
### MEDICAL NEGLIGENCE
### (EVANS V. ACCESS HEALTH)

1.    On and before July 24, 2019, and at all times relevant to this cause of action, the Defendant **ACCESS COMMUNITY HEALTH NETWORK, d/b/a SINAI MEDICAL GROUP ("ACCESS HEALTH"**) was an Illinois not-for-profit corporation that employed various physicians, including Defendant **OSARENTIN ORONSAYE, M.D.**

FILED DATE: 7/9/2021 12:56 PM   2021L006977

2.      On and before July 24, 2019, and at all times relevant to this cause of action, **ACCESS HEALTH** provided medical services to the public, including the Plaintiff, **DENISE EVANS** (hereinafter "**DENISE**").

3.      At all times relevant to this cause of action, Defendant **ACCES HEALTH** held itself out and otherwise informed the public and the Plaintiff that it, through its authorized agents, apparent agents, servants and/or employees, including **OSARENTIN ORONSAYE, M.D.**, had and possessed the requisite skill, competence, knowledge and personnel to properly care for and treat patients like **DENISE**.

4.      At all times relevant to this cause of action, the Plaintiff, **DENISE**, entrusted herself entirely to the care of **ACCESS HEALTH**, through its authorized agent, apparent agent, servant and/or employee **OSARENTIN ORONSAYE, M.D.**

5.      Intermittently between July 24, 2019 and August 2, 2019, **DENISE** was cared for and treated by Defendant **ACCESS HEALTH** through its authorized agent, apparent agent, servant, and/or employee **OSARENTIN ORONSAYE, M.D.**

6.      At all times relevant to this cause of action, it was the duty of Defendant **ACCESS HEALTH**, through its authorized agent, apparent agent, servant, and/or employee **OSARENTIN ORONSAYE, M.D,** to possess and apply the knowledge and use the skill and care ordinarily used by physicians practicing in the field of obstetrics and gynecology with respect to the diagnosis, care and treatment of **DENISE**.

7.      Notwithstanding the foregoing duty, Defendant, **ACCESS HEALTH** through its authorized agent, apparent agent, servant, and/or employee **OSARENTIN ORONSAYE, M.D,** did commit one or more or all of the foregoing acts and/or omissions:

> (a)      Failed to inform **DENISE**'s of the results of her endometrial biopsy and polyp removal;

FILED DATE: 7/9/2021 12:56 PM   2021L006977

(b)     Failed to discuss reasonable treatment alternatives with **DENISE**, including postponing the hysterectomy, given her normal pathology results;

(c)     Failed to identify **DENISE**'s ureter during her August 2, 2019 hysterectomy; and

(d)     Failed to protect **DENISE**'s ureter during her August 2, 2019 hysterectomy;

8.     As a direct and proximate result of the professional negligence of Defendant **ACCESS HEALTH**, through its authorized agent, apparent agent, servant, and/or employee **OSARENTIN ORONSAYE, M.D., DENISE** suffered injuries, including but not limited to a right ureteral injury, causing her to experience pain and suffering, loss of a normal life, disability, and to become responsible for the payment of large sums of money for her medical care and treatment, all to her damage.

9.     Pursuant to the provisions of Section 2-622 of the Illinois Code of Civil Procedure, the Affidavit of Matthew Heimlich is attached to this Complaint.

10.     Pursuant to the provisions of Section 2-622 of the Illinois Code of Civil Procedure, the report of a reviewing health professional is attached to this Complaint.

WHEREFORE the Plaintiff, **DENISE EVANS**, prays for judgment against the Defendant, **ACCESS COMMUNITY HEALTH NETWORK**, in a sum in excess of fifty thousand dollars ($50,000.00) that will fairly and adequately compensate the Plaintiff, together with costs of this suit.

### COUNT III
#### MEDICAL NEGLIGENCE
#### (EVANS V. SINAI MEDICAL GROUP)

1.     On and before July 24, 2019, and at all times relevant to this cause of action, the Defendant **THE MOUNT SINAI COMMUNITY FOUNDATION, d/b/a SINAI MEDICAL**

FILED DATE: 7/9/2021 12:56 PM   2021L006977

GROUP ("MEDICAL GROUP") was an Illinois not-for-profit corporation that employed various physicians, including Defendant **OSARENTIN ORONSAYE, M.D.**

    2.    On and before July 24, 2019, and at all times relevant to this cause of action, **MEDICAL GROUP** provided medical services to the public, including the Plaintiff, **DENISE EVANS** (hereinafter "**DENISE**").

    3.    At all times relevant to this cause of action, Defendant **MEDICAL GROUP** held itself out and otherwise informed the public and the Plaintiff that it, through its authorized agents, apparent agents, servants and/or employees, including **OSARENTIN ORONSAYE, M.D.**, had and possessed the requisite skill, competence, knowledge and personnel to properly care for and treat patients like **DENISE**.

    4.    At all times relevant to this cause of action, the Plaintiff, **DENISE**, entrusted herself entirely to the care of **MEDICAL GROUP**, through its authorized agent, apparent agent, servant and/or employee **OSARENTIN ORONSAYE, M.D.**

    5.    Intermittently between July 24, 2019 and August 2, 2019, **DENISE** was cared for and treated by Defendant **MEDICAL GROUP** through its authorized agent, apparent agent, servant, and/or employee **OSARENTIN ORONSAYE, M.D.**

    6.    At all times relevant to this cause of action, it was the duty of Defendant **MEDICAL GROUP**, through its authorized agent, apparent agent, servant, and/or employee **OSARENTIN ORONSAYE, M.D**, to possess and apply the knowledge and use the skill and care ordinarily used by physicians practicing in the field of obstetrics and gynecology with respect to the diagnosis, care and treatment of **DENISE.**

FILED DATE: 7/9/2021 12:56 PM   2021L006977

7.    Notwithstanding the foregoing duty, Defendant, **MEDICAL GROUP** through its authorized agent, apparent agent, servant, and/or employee OSARENTIN ORONSAYE, M.D, did commit one or more or all of the foregoing acts and/or omissions:

        (a)    Failed to inform **DENISE**'s of the results of her endometrial biopsy and polyp removal;

        (b)    Failed to discuss reasonable treatment alternatives with **DENISE**, including postponing the hysterectomy, given her normal pathology results;

        (c)    Failed to identify **DENISE**'s ureter during her August 2, 2019 hysterectomy; and

        (d)    Failed to protect **DENISE**'s ureter during her August 2, 2019 hysterectomy;

8.    As a direct and proximate result of the professional negligence of Defendant **MEDICAL GROUP**, through its authorized agent, apparent agent, servant, and/or employee **OSARENTIN ORONSAYE, M.D., DENISE** suffered injuries, including but not limited to a right ureteral injury, causing her to experience pain and suffering, loss of a normal life, disability, and to become responsible for the payment of large sums of money for her medical care and treatment, all to her damage.

9.    Pursuant to the provisions of Section 2-622 of the Illinois Code of Civil Procedure, the Affidavit of Matthew Heimlich is attached to this Complaint.

10.    Pursuant to the provisions of Section 2-622 of the Illinois Code of Civil Procedure, the report of a reviewing health professional is attached to this Complaint.

WHEREFORE the Plaintiff, **DENISE EVANS**, prays for judgment against the Defendant, **THE MOUNT SINAI COMMUNITY FOUNDATION, d/b/a SINAI MEDICAL GROUP**, in a sum in excess of fifty thousand dollars ($50,000.00) that will fairly and adequately compensate the Plaintiff, together with costs of this suit.

FILED DATE: 7/9/2021 12:56 PM  2021L006977

## COUNT IV
### MEDICAL NEGLIGENCE
### (EVANS V. MOUNT SINAI HOSPITAL)

1.        On and before July 24, 2019, and at all times relevant to this cause of action, the

Defendant **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, d/b/a**

**MOUNT SINAI HOSPITAL ("MOUNT SINAI")** was an Illinois not-for-profit corporation that

provided medical and hospital services to the public and employed various physicians, including

Defendant **OSARENTIN ORONSAYE, M.D**.

2.        On and before July 24, 2019, and at all times relevant to this cause of action,

MOUNT SINAI provided medical services to the public, including the Plaintiff, **DENISE EVANS**

(hereinafter "**DENISE**").

3.        At all times relevant to this cause of action, Defendant **MOUNT SINAI** held itself

out and otherwise informed the public and the Plaintiff that it, through its authorized agents,

apparent agents, servants and/or employees, including **OSARENTIN ORONSAYE, M.D**., had

and possessed the requisite skill, competence, knowledge and personnel to properly care for and

treat patients like DENISE.

4.        At all times relevant to this cause of action, the Plaintiff, **DENISE,** entrusted herself

entirely to the care of **MOUNT SINAI**, through its authorized agent, apparent agent, servant

and/or employee **OSARENTIN ORONSAYE, M.D**.

5.        Intermittently between July 24, 2019 and August 2, 2019, **DENISE** was cared for

and treated by Defendant **MOUNT SINAI** through its authorized agent, apparent agent, servant,

and/or employee **OSARENTIN ORONSAYE, M.D**.

6.        At all times relevant to this cause of action, it was the duty of Defendant **MOUNT**

**SINAI**, through its authorized agent, apparent agent, servant, and/or employee, **OSARENTIN**

FILED DATE: 7/9/2021 12:56 PM  2021L006977

**ORONSAYE, M.D**. to possess and apply the knowledge and use the skill and care ordinarily used by physicians practicing in the field of obstetrics and gynecology with respect to the diagnosis, care and treatment of **DENISE.**

7.      Notwithstanding the foregoing duty, Defendant, **MOUNT SINAI** through its authorized agent, apparent agent, servant, and/or employee, **OSARENTIN ORONSAYE, M.D**. did commit one or more or all of the foregoing acts and/or omissions:

(a)      Failed to inform **DENISE**'s of the results of her endometrial biopsy and polyp removal;

(b)      Failed to discuss reasonable treatment alternatives with **DENISE**, including postponing the hysterectomy, given her normal pathology results;

(c)      Failed to identify **DENISE**'s ureter during her August 2, 2019 hysterectomy; and

(d)      Failed to protect **DENISE**'s ureter during her August 2, 2019 hysterectomy;

8.      As a direct and proximate result of the professional negligence of Defendant **MOUNT SINAI**, through its authorized agent, apparent agent, servant, and/or employee **OSARENTIN ORONSAYE, M.D., DENISE** suffered injuries, including but not limited to a right ureteral injury, causing her to experience pain and suffering, loss of a normal life, disability, and to become responsible for the payment of large sums of money for her medical care and treatment, all to her damage.

9.      Pursuant to the provisions of Section 2-622 of the Illinois Code of Civil Procedure, the Affidavit of Matthew Heimlich is attached to this Complaint.

10.      Pursuant to the provisions of Section 2-622 of the Illinois Code of Civil Procedure, the report of a reviewing health professional is attached to this Complaint.

FILED DATE: 7/9/2021 12:56 PM   2021L006977

WHEREFORE the Plaintiff, **DENISE EVANS**, prays for judgment against the Defendant, **MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, d/b/a MOUNT SINAI HOSPITA**L, in a sum in excess of fifty thousand dollars ($50,000.00) that will fairly and adequately compensate the Plaintiff, together with costs of this suit.

**COUNT V**
**MEDICAL NEGLIGENCE**
**(EVANS V. SINAI HEALTH)**

1.      On and before July 24, 2019, and at all times relevant to this cause of action, the Defendant **SINAI HEALTH SYSTEM ("SINAI HEALTH")** was an Illinois not-for-profit corporation that provided medical, hospital and health care services to the public and employed various physicians, including Defendant **OSARENTIN ORONSAYE, M.D.**

2.      On and before July 24, 2019, and at all times relevant to this cause of action, **SINAI HEALTH** provided medical services to the public, including the Plaintiff, **DENISE EVANS** (hereinafter "**DENISE**").

3.      At all times relevant to this cause of action, Defendant **SINAI HEALTH** held itself out and otherwise informed the public and the Plaintiff that it, through its authorized agents, apparent agents, servants and/or employees, including **OSARENTIN ORONSAYE, M.D.**, had and possessed the requisite skill, competence, knowledge and personnel to properly care for and treat patients like **DENISE**.

4.      At all times relevant to this cause of action, the Plaintiff, **DENISE**, entrusted herself entirely to the care of **SINAI HEALTH**, through its authorized agent, apparent agent, servant and/or employee **OSARENTIN ORONSAYE, M.D.**

FILED DATE: 7/9/2021 12:56 PM   2021L006977

5.      Intermittently between July 24, 2019 and August 2, 2019, **DENISE** was cared for and treated by Defendant **SINAI HEALTH** through its authorized agent, apparent agent, servant, and/or employee **OSARENTIN ORONSAYE, M.D.**

6.      At all times relevant to this cause of action, it was the duty of Defendant **SINAI HEALTH**, through its authorized agent, apparent agent, servant, and/or employee, **OSARENTIN ORONSAYE, M.D.** to possess and apply the knowledge and use the skill and care ordinarily used by physicians practicing in the field of obstetrics and gynecology with respect to the diagnosis, care and treatment of **DENISE**.

7.      Notwithstanding the foregoing duty, Defendant, **SINAI HEALTH** through its authorized agent, apparent agent, servant, and/or employee, **OSARENTIN ORONSAYE, M.D.** did commit one or more or all of the foregoing acts and/or omissions:

        (a)    Failed to inform **DENISE**'s of the results of her endometrial biopsy and polyp removal;

        (b)    Failed to discuss reasonable treatment alternatives with DENISE, including postponing the hysterectomy, given her normal pathology results;

        (c)    Failed to identify **DENISE**'s ureter during her August 2, 2019 hysterectomy; and

        (d)    Failed to protect **DENISE**'s ureter during her August 2, 2019 hysterectomy;

8.      As a direct and proximate result of the professional negligence of Defendant **SINAI HEALTH**, through its authorized agent, apparent agent, servant, and/or employee **OSARENTIN ORONSAYE, M.D., DENISE** suffered injuries, including but not limited to a right ureteral injury, causing her to experience pain and suffering, loss of a normal life, disability, and to become responsible for the payment of large sums of money for her medical care and treatment, all to her damage.

FILED DATE: 7/9/2021 12:56 PM   2021L006977

9.     Pursuant to the provisions of Section 2-622 of the Illinois Code of Civil Procedure, the Affidavit of Matthew Heimlich is attached to this Complaint.

10.     Pursuant to the provisions of Section 2-622 of the Illinois Code of Civil Procedure, the report of a reviewing health professional is attached to this Complaint.

WHEREFORE the Plaintiff, **DENISE EVANS**, deceased, prays for judgment against the Defendant, **SINAI HEALTH SYSTEM**, in a sum in excess of fifty thousand dollars ($50,000.00) that will fairly and adequately compensate the Plaintiff, together with costs of this suit.

Respectfully submitted,
MALMAN LAW

/s/ Matthew Heimlich
Attorney for Plaintiff

Firm. No. 31555
Matthew Heimlich
LAW OFFICES OF STEVEN J. MALMAN
& ASSOCIATES, P.C.
205 West Randolph Street, Suite 1700
Chicago, IL 60606
(312) 629-0099
mheimlich@malmanlaw.com

STATE OF ILLINOIS ) 

                        ) SS.

COUNTY OF COOK )

**Firm ID: 31555**

FILED
7/9/2021 12:56 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

DENISE EVANS,

           Plaintiff,

           *versus*

OSARENTIN ORONSAYE, M.D., ACCESS COMMUNITY HEALTH NETWORK, d/b/a SINAI MEDICAL GROUP, THE MOUNT SINAI COMMUNITY FOUNDATION, d/b/a SINAI MEDICAL GROUP, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, d/b/a MOUNT SINAI HOSPITAL, and SINAI HEALTH SYSTEM d/b/a MOUNT SINAI HOSPITAL,

           Defendant.

Court #2021L006977

*JURY DEMANDED*

### 12-PERSON JURY DEMAND

The undersigned demands a jury trial.

                              /s/Matthew Heimlich
                              *Attorney for Plaintiff*

Matthew Heimlich
LAW OFFICES OF STEVEN J. MALMAN
& ASSOCIATES, P.C.
205 W. Randolph, Suite 1700
Chicago, Illinois 60606
312-629-0099
mheimlich@malmanlaw.com

STATE OF ILLINOIS )
                   ) SS.
COUNTY OF COOK )

Firm ID: 31555

FILED
7/9/2021 12:56 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 7/9/2021 12:56 PM   2021L006977

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

DENISE EVANS,

        Plaintiff,

        *versus*

OSARENTIN ORONSAYE, M.D., ACCESS
COMMUNITY HEALTH NETWORK, d/b/a
SINAI MEDICAL GROUP, THE MOUNT
SINAI COMMUNITY FOUNDATION, d/b/a
SINAI MEDICAL GROUP, MOUNT SINAI
HOSPITAL MEDICAL CENTER OF
CHICAGO, d/b/a MOUNT SINAI HOSPITAL,
and SINAI HEALTH SYSTEM d/b/a MOUNT
SINAI HOSPITAL,

        Defendant.

Court # 2021L006977

*JURY DEMANDED*

## AFFIDAVIT PURSUANT TO 735 ILCS § 5/2-622

I, Matthew Heimlich, being first duly sworn under oath, state as follows:

1.    That I have consulted and reviewed the facts of this case with a physician licensed to practice medicine in all its branches who I reasonably believe (a) is knowledgeable in the relevant issues involved in this particular action; (b) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in this particular action; and (c) is qualified by experience or demonstrated competence in the subject this case.

2.    That attached is the reviewing physician's written report, which after review of the medical records and other relevant material involved in this particular action indicates that there is a reasonable and meritorious cause for the filing of such action.

3.    That I have concluded on the basis of the physician's professional's review and consultation that there is a reasonable and meritorious cause for the filing of this action.

FILED DATE: 7/9/2021 12:56 PM    2021L006977

4.      That attached is a copy of the physician's report referenced in this affidavit as Exhibit A, further affiant sayeth not.

/s/ Matthew Heimlich
Attorney for Plaintiff

SUBSCRIBED AND SWORN TO
before me this 9th day
of July, 2021.

/s/ Raquel Renteria
Notary Public

OFFICIAL SEAL
RAQUEL RENTERIA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/15/23

FILED DATE: 7/9/2021 12:56 PM   2021L006977

RE:     Denise Evans v. Osarentin Oronsaye, M.D.

**HEALTH PROFESSIONAL'S REPORT**

1.      I am a physician licensed to practice medicine in all its branches and practice or teach in the area of medicine applicable in this case.

2.      I am knowledgeable in the relevant issues involved in this particular action.

3.      I have practiced within the last 6 years in the same area of health care or medicine that is at issue in this particular action and/or have taught within the last 6 years in the same area of health care or medicine that is at issue in this particular action.

4.      I am qualified by experience and have demonstrated competence in the subject of this cause.

5.      I am familiar with the standard of care for obstetricians and gynecologists as it currently relates to issues of informed consent, care and treatment for patients undergoing a hysterectomy.

6.      I have read and reviewed documents, including but not limited to the following of Denise Evans' ("DENISE") records in this case:

        a.      Access Community Health

              i.      Dates of Treatment:  5/17/19 to 8/27/19 (intermittent)

        b.      Mt. Sinai Hospital

              i.      Dates of Treatment:   8/2/19 to 8/3/19; 8/9/19 to 8/16/19; 8/20/19 to 11/18/19 (intermittent)

        c.      University of Illinois Chicago Medical Center
              i.      Dates of Treatment:  12/18/19 to 12/19/19; 1/20/20 to 1/23/20; 2/5/20

7.      On June 18, 2019, DENISE presented to DR. OSARENTIN ORONSAYE ("DR. ORONSAYE") with complaints of vaginal bleeding after 8 months of not having her menses.  An ultrasound revealed multiple fibroids and DENISE underwent an endometrial biopsy and cervical polyp removal on July 18, 2019.

8.      On July 24, 2019, DR. ORONSAYE documented that he went through the risks and benefits of the potential treatment options, indicating DENISE declined treatment options other than hysterectomy and scheduled surgery.

9.      On July 25, 2019, the pathology report on the cervical polyp report came back as benign and the endometrial biopsy came back with normal findings.  There is no indication these results were conveyed to DENISE, or alternative treatment options based on these normal findings were discussed with DENISE, including postponing the hysterectomy surgery to determine if the cervical polyp was causing the complained of bleeding.

FILED DATE: 7/9/2021 12:56 PM    2021L006977

10. On August 2, 2019, DR. ORONSAYE performed a laparoscopic-assisted vaginal hysterectomy and bilateral salpingo-oophorectomy on DENISE at Mount Sinai Hospital. There is no indication in DR. ORONSAYE's operative report of what, if any, precautions he took to guard against ureteral injury, a known potential complication of the procedure.

11. On August 8, 2019, DENISE returned to Mount Sinai Hospital with complaints of abdominal pain and distention. On August 14, 2019, she was discovered to have a right ureteral injury and a ureteral stent was placed later that day. She was discharged home with a drain and Foley catheter on August 16, 2019.

12. During his care and treatment of DENISE, DR. ORONSAYE had a duty to provide medical services, care and treatment in accordance with accepted standards of care in the field of obstetrics and gynecology.

13. Based upon my education, training, experience and knowledge, and review of the above-referenced materials, it is my opinion, to a reasonable degree of medical certainty, that the care and treatment provided by DR. ORONSAYE to DENISE beginning on July 24, 2019 and continuing through August 2, 2019, fell below the minimum standard of care and constituted negligence as he:

    (a) Failed to inform DENISE of the results of her endometrial biopsy and polyp removal;

    (b) Failed to discuss reasonable treatment alternatives with DENISE, including postponing the hysterectomy, given her normal pathology results;

    (c) Failed to identify DENISE's ureter during her August 2, 2019 hysterectomy; and

    (d) Failed to protect DENISE's ureter during her August 2, 2019 hysterectomy;

14. As a result of the failures of care and negligent acts and omissions of the DR. ORONSAYE, DENISE suffered injuries including, but not limited to a right ureteral injury which has caused her unnecessary pain and suffering, disability, additional medical expenses, and other damages.

15. In my opinion, there is a reasonable and meritorious basis for filing a cause of action against DR. ORONSAYE.

FILED DATE: 7/9/2021 12:56 PM    2021L006977

RE:    Denise Evans v. Mount Sinai Hospital and Sinai Medical Group

**HEALTH PROFESSIONAL'S REPORT**

1.    I am a physician licensed to practice medicine in all its branches and practice or teach in the area of medicine applicable in this case.

2.    I am knowledgeable in the relevant issues involved in this particular action.

3.    I have practiced within the last 6 years in the same area of health care or medicine that is at issue in this particular action and/or have taught within the last 6 years in the same area of health care or medicine that is at issue in this particular action.

4.    I am qualified by experience and have demonstrated competence in the subject of this cause.

5.    I am familiar with the standard of care for obstetricians and gynecologists as it currently relates to issues of informed consent, care and treatment for patients undergoing a hysterectomy.

6.    I have read and reviewed documents, including but not limited to the following of Denise Evans' ("DENISE") records in this case:

      a.    Access Community Health

          i.    Dates of Treatment: 5/17/19 to 8/27/19 (intermittent)

      b.    Mt. Sinai Hospital

          i.    Dates of Treatment: 8/2/19 to 8/3/19; 8/9/19 to 8/16/19; 8/20/19 to 11/18/19 (intermittent)

      c.    University of Illinois Chicago Medical Center
          i.    Dates of Treatment: 12/18/19 to 12/19/19; 1/20/20 to 1/23/20; 2/5/20

7.    On June 18, 2019, DENISE presented to DR. ORONSAYE with complaints of vaginal bleeding after 8 months of not having her menses. An ultrasound revealed multiple fibroids and DENISE underwent an endometrial biopsy and cervical polyp removal on July 18, 2019.

8.    On July 24, 2019, DR. ORONSAYE documented that he went through the risks and benefits of the potential treatment options, indicating DENISE declined treatment options other than hysterectomy and scheduled surgery.

9.    On July 25, 2019, the pathology report on the cervical polyp report came back as benign and the endometrial biopsy came back with normal findings. There is no indication these results were conveyed to DENISE, or alternative treatment options based on these normal findings were discussed with DENISE, including postponing the hysterectomy surgery to determine if the cervical polyp was causing the complained of bleeding.

FILED DATE: 7/9/2021 12:56 PM    2021L006977

10.    On August 2, 2019, DR. ORONSAYE performed a laparoscopic-assisted vaginal hysterectomy and bilateral salpingo-oophorectomy on DENISE at MOUNT SINAI HOSPITAL. There is no indication in DR. ORONSAYE's operative report of what, if any, precautions he took to guard against ureteral injury, a known potential complication of the procedure.

11.    On August 8, 2019, DENISE returned to Mount Sinai Hospital with complaints of abdominal pain and distention. On August 14, 2019, she was discovered to have a right ureteral injury and a ureteral stent was placed later that day. She was discharged home with a drain and Foley catheter on August 16, 2019.

12.    During his care and treatment of DENISE, DR. ORONSAYE had a duty to provide medical services, care and treatment in accordance with accepted standards of care in the field of obstetrics and gynecology.

13.    Based upon my education, training, experience and knowledge, and review of the above-referenced materials, it is my opinion, to a reasonable degree of medical certainty, that the care and treatment provided by DR. ORONSAYE to DENISE beginning on July 24, 2019 and continuing through August 2, 2019, fell below the minimum standard of care and constituted negligence as he:

        (a)    Failed to inform DENISE of the results of her endometrial biopsy and polyp removal;

        (b)    Failed to discuss reasonable treatment alternatives with DENISE, including postponing the hysterectomy, given her normal pathology results;

        (c)    Failed to identify DENISE's ureter during her August 2, 2019 hysterectomy; and

        (d)    Failed to protect DENISE's ureter during her August 2, 2019 hysterectomy;

14.    As a result of the failures of care and negligent acts and omissions of the DR. ORONSAYE, DENISE suffered injuries including, but not limited to a right ureteral injury which has caused her unnecessary pain and suffering, disability, additional medical expenses, and other damages.

15.    In my opinion, there is a reasonable and meritorious basis for filing a cause of action against SINAI MEDICAL GROUP and MT. SINAI HOSPITAL for the negligent acts of their employee, agent and/or servant, DR. ORONSAYE, performed within the course and scope of his employment and/or agency.

# Exhibit B

**CERTIFICATION**

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint *Denise Evans v. Osarentin Oronsaye, M.D.*, *et al*., No. 2021 L 006977 (Circuit Court of Cook County, Illinois), and all attachments thereto.  On the basis of the information now available, I find that at the relevant times, Access Community Health Network was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 254b and was deemed to be an employee of the Public Health Service pursuant to 42 U.S.C. § 233.   Further, I certify that Osarentin Oronsaye, M.D., was acting within the scope of his employment at Access Community Health Network with respect to the incidents referred to in the complaint.   Accordingly, for purposes of the above case, Access Community Health Network and Osarentin Oronsaye, M.D., are deemed to be employees of the United States pursuant to 42 U.S.C. § 233, for federal statutory tort purposes only.

  s/ Thomas P. Walsh
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
   for the Northern District of Illinois

Date: August 25, 2021